Fermin Fonseca FLORES, Plaintiff,

v.

Robert R. PRANN, Defendant.

Civ. No. 11-59.

United States District Court
D. Puerto Rico,
San Juan Division.

Aug. 25, 1959.

Stanley Feldstein and Harvey, Nachman, San Juan, P. R., for plaintiff.

Brown, Newsom & Cordova, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

In this action brought under the Jones Act, 46 U.S.C.A. § 688 and the general maritime law, defendant has pleaded certain affirmative defenses which the plaintiff has moved the court to strike.

Plaintiff alleges that he is a seaman and is suing his employer, who was covered by the Workmen's Compensation Act of Puerto Rico, 11 L.P.R.A. § 1 et seq. Plaintiff admits that he was paid a certain amount under the Workmen's Compensation Act but contends that his acceptance of compensation for the injuries suffered in the accident which is the subject of this action does not bar his assertion of a claim under the Jones Act and the general maritime law. It is to this question that the present opinion is addressed, as the Court is of the opinion that special defenses I, F, G, J and L, which refer to statutes of limitations, laches, assumption of risk and election of remedies are not available to defendant in an action under the Jones Act, and the motion to strike same is hereby granted without further discussion by the Court.

The defenses B, C and D, however, present an issue which calls for a statement by the Court of its reasons for reaching the conclusion presently to be set forth.

Heretofore the situation in the cases of marine workers suing for damages in this district has been that of workers, covered by and compensated under the Workmen's Compensation Act, suing, not their insured employer as here, but rather a third party or parties—the vessel and shipowner rather than the independent stevedoring company insured under Workmen's Compensation Act. Thus we are now confronted by an inconsistency or conflict between the Federal maritime law and the Commonwealth Workmen's Compensation Act.

■■ I am not unaware of the many cases holding that States of the Union cannot constitutionally limit or bar Federally created rights respecting navigable waters and other subjects of maritime jurisdiction. See W. J. McCahan Sugar Refining & Molasses Co. v. Stoffel, 3 Cir., 41 F.2d 651, at page 654, and the cases cited therein. However, Puerto Rico is not a State of the Union and Congress, doing what it could not constitutionally do in the case of a State, Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 S.Ct. 438, 64 L.Ed. 834, delegated to Puerto Rico the power to legislate respecting marine workers injured in the territorial waters of Puerto Rico. Puerto Rico has not restricted the right of marine workers, although compensated under Workmen's Compensation Act, to sue the third party liable for the injury. Title 11, Sec. 32 L.P.R.A. Puerto Rico, however, has made the right to obtain compensation from an insured employer an exclusive remedy. Title 11, Sec. 21 L.P.R.A. Congress did not *expressly* extend the provisions of the Jones Act to Puerto Rico, and the Jones Act was made inapplicable to Puerto Rican waters insofar as insured employees suing their employer are concerned, by Title 11, Section 21 L.P.R.A. That section is, of course, inconsistent with the Jones Act, and the Court of Appeals for the First Circuit has plainly stated that Puerto Rico has authority to pass such inconsistent legislation. Nor has it been superseded by the Jones Act; the Jones Act, in addition to the fact that it was not expressly extended to Puerto Rico, was approved in 1915, and amended in 1920; the Puerto Rican Legislature acting under the powers delegated to it by Congress passed the Workmen's Compensation Act in 1935, which, being inconsistent with the former, supplanted it under the delegation Congress made to the legislature by the Organic Act of 1917, 48 U.S.C.A. § 749, continued in the Federal Relations Act,[1] which states that "the harbor areas and navigable streams and bodies of water and submerged lands underlying the same in and around the island of Puerto Rico and the adjacent islands and waters now owned by the United States * * * and not reserved by the United States for public purposes" were placed under the control of the government of Puerto Rico. As stated by the Court of Appeals in Guerrido v. Alcoa S. S. Co., 1 Cir., 234 F.2d 349, at page 354.

" * * * Certainly by these provisions Congress evidenced an intent to confer such power upon the insular Legislature to the extent of its congressional authority to do so. * * * "
and at page 355

" * * * For we still think, as we indicated in the Lastra case [Lastra v. New York & Porto Rico S. S. Co., 1 Cir., 2 F.2d 812], that Congress intended by section 8 of the Jones Act to give the Legislature of Puerto Rico full power to provide compensation for marine workers injured in Puerto Rican waters *to the exclusion of the remedies against their employers provided* by the American maritime law". (Emphasis supplied.)

■ Therefore the correct rule to be applied here is not the rule of the W. J. McCahan Sugar Refining & Molasses Co. case, cited above, respecting *State* laws

1. 64 Stat. 319, 48 U.S.C.A. § 731b et seq.

which purport to limit rights under the Jones Act, but rather the rule of certain cases involving suits brought under the Jones Act by persons covered by the Federal Longshoremen's and Harbor Workers' Act. These cases afford us a parallel with the case at bar because the Puerto Rican Act and the Federal Act both flow from the same *ultimate authority* and are not subject to the constitutional bar involved in cases where State compensation awards are pleaded in defense of a Jones Act suit. Under the Federal Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq., and in particular Section 905 thereof, it has been held that an employer who has complied with the terms and its obligations under the Act by securing compensation for its employees is immune from any liability excepting that contained in Section 905, which provides as follows:

"*Exclusiveness of liability.* The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. * * *" (Mar. 4, 1927, c. 509, Sec. 5, 44 Stat. 1426.)

See Smith v. Mormacdale, 3 Cir., 198 F.2d 849; Samuels v. Munson S. S. Line, 5 Cir., 63 F.2d 861, and Bennett v. The Mormacteal, 160 F.Supp. 840, decided by Judge Abruzzo in the Eastern District of New York, affirmed on his opinion in 2 Cir., 254 F.2d 138, certiorari denied 358 U.S. 817, 79 S.Ct. 26, 3 L.Ed.2d 59.

I must therefore, deny plaintiff's motion to strike affirmative defenses B, C and D.

It is so ordered.