**Fermin Fonseca FLORES, Plaintiff,**

v.

**Robert R. PRANN, Defendant.**

**Civ. No. 11–59.**

United States District Court
D. Puerto Rico,
San Juan Division.

Dec. 10, 1959.

Harvey B. Nachman and Stanley L. Feldstein, San Juan, P. R., for plaintiff.

Brown, Newsom & Cordova, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

On August 25, 1959 this Court denied plaintiff's motion to strike affirmative defenses B, C and D alleged in defendant's answer to the complaint in this action. The reasons for said denial are stated in the opinion which preceded said order. See Flores v. Prann, D.C., 175 F.Supp. 140.

Although at plaintiff's request, this court on September 2, 1959 amended the aforesaid order to include the certification required under Sec. 1292(b) Title 28 U.S.C.A., to enable plaintiff to apply to the Court of Appeals for the First Circuit to permit an appeal from such order, and although plaintiff so applied, the aforesaid Court of Appeals for the First Circuit by its order of September 22, 1959 in case No. 5569 of said Court, denied the application.

Defendant has now filed a motion for summary judgment under Rule 56(b) of the F.R.Civ.P., 28 U.S.C.A., predicated on the aforesaid affirmative defenses B, C and D of his answer. The motion is based on the aforesaid August 25, 1959 opinion and order of this Court, and the same is supported by nineteen exhibits attached to it which establish (a) that at the time of the accident complained of defendant had insurance protection with the State Insurance Fund of the Commonwealth of Puerto Rico covering the work in which the plaintiff was then employed; (b) that the accident suffered by the plaintiff was duly reported by the defendant to said State Insurance Fund; (c) that the aforesaid State Insurance Fund made periodical payments of compensation to plaintiff in connection with said accident and gave notice thereof to defendant on fourteen different occasions; (d) that on October 21, 1957 the aforesaid State Insurance Fund gave notice to plaintiff of the termination of his medical treatment; (e) that on December 26, 1957 the Industrial Commission of Puerto Rico rendered its decision affirming the decision of the Manager of the State Fund in the sense that plaintiff did not need any further medical treatment; (f) that on March 24, 1958 the Industrial Commission determined that plaintiff had sustained a partial permanent incapacity consisting of the loss of 10% of his earning power and that, by virtue thereof, the Manager of the State Insurance Fund made an award of compensation to plaintiff on April 23, 1958.

Defendant's motion for summary judgment was served on plaintiff's counsel on October 22, 1959 and a hearing thereon was held on November 6, 1959. Plaintiff has failed to file any opposition or documents rebutting or contradicting either the allegations of the motion or the substance of the exhibits filed in support thereof, and has limited himself to submitting the question on the basis of the memorandum filed by him on June 5, 1959 in support of his motion to strike which was the subject of this Court's opinion and order of August 25, 1959 (175 F.Supp. 140).

Consistent with its aforesaid opinion and order of August 25, 1959 and in view of the exhibits attached by defendant to his motion for summary judgment, which fully support the allegations of his affirmative defenses B, C and D, and in view of plaintiff's failure to file any documents tending to rebut or contradict the allegations of defendant's affirmative defenses and of the exhibits filed by defendant in support thereof, the court must grant defendant's motion for summary judgment.

Inasmuch as plaintiff, as alleged in said affirmative defenses B, C and D and as established by the exhibits supporting defendant's motion for summary judgment, duly exercised his remedy to obtain compensation, and did obtain said compensation from defendant, as an insured employer under the Workmen's Compensation Act of the Commonwealth of Puerto Rico (11 L.P.R.A. Sec. 1 et seq.), and inasmuch as under said Act (Title 11 L.P.R.A. Sec. 21) the aforesaid remedy is exclusive, as decided by this Court in its order of August 25, 1959 (175 F.Supp. 140), and there being no genuine controversy as to any material fact, defendant is entitled to a summary judgment as a matter of law.

### Summary Judgment

For the reasons stated in the Court's opinion of August 25, 1959 (175 F.Supp. 140) and as further set out in the above memorandum, and inasmuch as the pleadings, together with the exhibits supporting defendant's motion for summary judgment, show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law, it is hereby

Ordered and adjudged that the complaint in the above entitled action be, and the same is hereby, dismissed.