**Emilio Salas MOJICA, Plaintiff,**

v.

**PUERTO RICO LIGHTERAGE CO. INC., Defendant.**

**Civ. No. 479–71.**

United States District Court, D. Puerto Rico.

Nov. 28, 1972.

**340**

Harry A. Ezratty, San Juan, P. R., for plaintiff.

Hartzell, Ydrach, Mellado, Santiago, Perez & Novas, San Juan, P. R., for defendant.

### ORDER

TOLEDO, District Judge.

This is an action filed by Emilio Salas Mojica against Puerto Rico Lighterage Company, Inc.[1] on four causes of action under the Jones Act, 46 United States Code, Section 688 and the General Maritime Law, claiming compensation for damages and maintenance and cure in connection with an injury sustained by plaintiff while working on board the Tug El Morro[2] in the Harbor of San Juan, Puerto Rico, on August 2, 1970.

Defendant filed a Motion for Summary Judgment in its favor, from which there appear the following facts not contested by plaintiff.

That on the date of the accident, the Tug El Morro was owned by defendant, which is a domestic corporation doing business in the Commonwealth of Puerto Rico, having an office and principal place of business in the City of San Juan, Puerto Rico; that at the time of the occurrence of the accident referred to in the complaint, the plaintiff was employed by the defendant to work as seaman-crew member of the Tug El Morro at San Juan, Puerto Rico; that at the time of the occurrence, the defendant Puerto Rico Lighterage Company, Inc. had insured its employees under the Puerto Rico Workmen's Compensation Act and that the plaintiff Emilio Salas Mojica was referred to the State Insurance Fund for treatment pursuant to an accident report dated August 3, 1970, and that the plaintiff was discharged by the State Insurance Fund with the right to receive further treatment and was authorized to reassume his work effective March 1, 1971.

Defendant prays for dismissal of this action on the ground that the plaintiff's action is barred by the provisions of Section 21 of the Workmen's Accident

1. The record before this Court reflects that plaintiff has brought forth in the memoranda he has filed that the defendant Puerto Rico Lighterage, Inc., is a subsidiary of Berwind Lines, Inc., a corporation incorporated in the State of Pennsylvania. Said assertion, the record reflects, has not been denied by the defendant and we take it to be true, for the purpose of our present disposition.

2. Plaintiff's complaint alleged that at all times referred therein, the Tug El Morro was duly documented and registered under the laws of the United States of America as a vessel and was engaged in foreign and/or interstate commerce at the time of the occurrence giving rise to the complaint. Such alleged facts were admitted by the defendant in its answer to the complaint.

Compensation Act, Title 11, Laws of Puerto Rico Annotated, Section 21.

Both parties have filed memoranda which have been carefully considered by the Court. The plaintiff concedes that as a Puerto Rican seaman, he is governed by the Workmen's Compensation Act of Puerto Rico as interpreted by the courts upholding its validity as an exclusive remedy for injuries sustained on the job, vis a vis, the Maritime Laws of Puerto Rico and the United States. The plaintiff contends, however, that the recent decisions in the cases of Hellenic Lines Ltd., et al v. Rhoditis, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 and Tsakonitis v. Transpacific Carriers Corp. & Hellenic Lines, Ltd., 1970 American Maritime Cases 1506, have a direct bearing on the interpretation of the Workmen's Compensation Act of Puerto Rico and upon the rights of Puerto Rican seamen. The plaintiff further contends that the present state of the law embodies a denial of due process; a deprivation of his rights, and a denial of the equal protection of the laws, both under the Constitution of the Commonwealth of Puerto Rico and under the Constitution of the United States.

The Court cannot agree with plaintiff's position in view of the factual circumstances and applicable decisions.

In Fonseca Flores v. Prann, 178 F. Supp. 845 (D.P.R.1959), affirmed 282 F.2d 153, 1 Cir., (1960), cert. den. 365 U.S. 860, 81 S.Ct. 826, 5 L.Ed.2d 822, the Court of Appeals for the First Circuit was faced with the same question as presented in the instant case by plaintiff, and in view of the exclusive provisions of the local compensation act, the court answered that question in the negative. One year later, in the case of Waterman Steamship Corporation v. Rodríguez, 290 F.2d 175, 179 (1961), the Court of Appeals for the First Circuit again expressed itself as follows:

"In the Fonseca case we held that the Puerto Rico Workmen's Accident Compensation Act had rendered the general maritime law of unseaworthiness inapplicable to Puerto Rican waters so far as suits of injured seamen against their employers are concerned" . . .

Later on, in the case of Alcoa Steamship Co. v. Pérez Rodríguez, 1 Cir., 376 F.2d 35, 38 (1967), cert. den. 389 U.S. 905, 88 S.Ct. 215, 19 L.Ed.2d 219 (1967), this Court reaffirmed its opinion regarding the effect of the Puerto Rico Workmen's Accident Compensation Act in relation to the remedies of the maritime law and stated as follows:

"We adhere to the views expressed in our prior opinion[s] to the effect that Puerto Rico Workmen's Accident Compensation Act has, within the area of its applicability, displaced the remedies of the maritime law, including the Federal Longshoremen's Act and provides the sole remedy of a Puerto Rico longshoreman against his employer for injuries sustained in the course of his employment."

Further, in the same opinion, the court also refers to the decisions of the Supreme Court of Puerto Rico under the Workmen's Accident Compensation Act as compelling the conclusion that the Act is intended to and thus provides the exclusive remedy against his employer for a covered employee who is injured in the course of his employment. To that effect, the Court said the following:

"Our examination of the decisions of the Supreme Court of Puerto Rico under the Workmen's Accident Compensation Act compels the conclusion that the Act is intended to and thus provides the exclusive remedy against his employer for a covered employee who is injured in the course of his employment."

As expressed by the opinions herein cited, both the Jones Act and the remedies of the general maritime law, have been displaced by the Puerto Rico Workmen's Accident Compensation Act.[3]

---

3. This is so, as the decisions herein cited express, within the area of applicability of the Workmen's Accident Compensation Act.

■■ Therefore, following the above decisions of the First Circuit, we must arrive at the conclusion that the plaintiff Emilio Salas Mojica is barred from recovering any damages from the defendant [4] and that, therefore, defendant's motion for summary judgment must be granted, and the complaint dismissed in its entirety.

As to plaintiff's contention that the recent decisions in the cases of Hellenic Lines Ltd. v. Rhoditis, supra, and Tsakonitis v. Transpacific Carriers Corp. and Hellenic Lines, Ltd., supra, have a direct bearing on the actual interpretation of Workmen's Compensation Act and upon the right of Puerto Rican seamen, this Court does not find sufficient merit in the contention. The cases cited by the plaintiff have been thoroughly read by the Court and it is of the opinion that they do not stand for the propositions asserted by the plaintiff.

Wherefore, the Court hereby grants defendant's motion for summary judgment. A judgment will be entered accordingly dismissing the complaint in this case, without costs.

It is so ordered.

4. Another would have been the case and our decision if the accident, which occurred in this case, would have occurred outside the territorial waters of Puerto Rico. That is, a cause of action under Title 46, United States Code, Section 688 would exist had the accident occurred outside the three (3) mile limit which comprises the territorial waters of Puerto Rico.