**Emilio SALAS MOJICA, Plaintiff, Appellant,**

v.

**PUERTO RICO LIGHTERAGE COMPANY, INC., Defendant, Appellee.**

No. 73–1027.

United States Court of Appeals, First Circuit.

Argued Feb. 6, 1974.

Decided March 4, 1974.

Harry A. Ezratty, San Juan, P. R., for appellant.

Manuel Gonzalez Gierbolini, San Juan, P. R., for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Appellant sustained injuries while working aboard a tug in the harbor of San Juan, Puerto Rico. The owner of the tug was insured under the Puerto Rico Workmen's Accident Compensation Act, 11 L.P.R.A. § 21. His action against his employer for damages under the Jones Act and general maritime law was dismissed. 357 F.Supp. 339 (D.P.R.1972). Section 21 of Puerto Rico's Act provides in part: "When an employer insures his workmen or employees in accordance with this chapter, the right herein established to obtain compensation shall be the only remedy against the employer; . . . " In view of that language and the intent of Congress to apply United States maritime law only in the absence of inconsistent Puerto Rico legislation, we have repeatedly held that the Workmen's Accident Compensation Act, and not federal maritime law, is the exclusive remedy in suits against an insured employer for injuries sustained in the course of employment. *See, e. g.,* Alcoa Steamship Co. v. Perez Rodriguez, 376 F.2d 35 (1st Cir.), cert. denied 389 U.S. 905, 88 S.Ct. 215, 19 L. Ed.2d 219 (1967); Waterman Steamship Corp. v. Rodriguez, 290 F.2d 175 (1st Cir. 1961); Fonseca Flores v. Prann, 282 F.2d 153 (1st Cir.), cert. denied 365 U.S. 860, 81 S.Ct. 826, 5 L.Ed. 2d 822 (1960).

The mere fact that the employer and owner of the tug, a Puerto Rico corporation, was a wholly owned subsidiary of a mainland corporation is not controlling. *Cf.* Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953). Nothing in the Supreme Court's approach to shipboard injuries sustained by foreign seamen aboard foreign vessels in American territorial waters, *see* Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306, 90 S.Ct.

1731, 26 L.Ed.2d 252 (1970), is inconsistent with our previous rulings concerning claims against insured employers resulting from shipboard accidents taking place within Puerto Rico territorial waters.

Affirmed.