Jose Manuel CACERES, Plaintiff,

v.

SAN JUAN BARGE CO., Defendant.

Freddy SOLIS, Plaintiff,

v.

PUERTO RICO LIGHTERAGE and
Knight Towing, Ltd.,
Defendants.

Civ. Nos. 74-515 and 920-72.

United States District Court,
D. Puerto Rico.

Dec. 13, 1974.

Harry A. Ezratty, San Juan, P. R., for plaintiff.

Jimenez & Fuste, San Juan, P. R., for defendant.

Abraham E. Freedman, and Edward M. Katz, New York City, and Eddie Gaud Caraballo, San Juan, P. R., for plaintiff Freddy Solis.

Alberto Santiago Villalonga, Hartzell, Ydrach, Mellado, Santiago, Pérez & Novas, San Juan, P. R., for codefendant Puerto Rico Lighterage.

Alfonso Miranda Cárdenas, Hato Rey, Puerto Rico, for codefendant Knight Towing Ltd.

## OPINION

TURK, Chief Judge.

These cases are before the court on the defendant's motion for summary judgment. The question of law involved in each is identical and one of first impression; accordingly, they have been consolidated for the purpose of this ruling.

The plaintiffs were Puerto Rican seamen who were injured while at work on their respective vessels when afloat on navigable waters outside the

territorial limits of Puerto Rico.[1] Their employers were insured in accordance with, and hence were covered by, the Puerto Rico Workmen's Compensation Act, 11 L.P.R.A. § 1 et seq. Each plaintiff brought an action against his employer under § 33 of the Jones Act, 46 U.S.C. § 688 (1958), and the general maritime law. The defendants then moved for summary judgment on the ground that the plaintiffs' only remedy is that afforded by the Workmen's Compensation Act. In particular, they rely on § 21 of the Act which provides that "[w]hen an employer insures his workmen or employees in accordance with this chapter, the right herein established to obtain compensation shall be the only remedy against the employer." While a literal reading of § 21 would seem to foreclose the present action, it would also give Puerto Rico extra-territorial maritime jurisdiction—a result which the court feels is contrary to the authority granted by Congress to Puerto Rico to enact legislation making maritime law *locally inapplicable*.

In the Second Puerto Rico Organic Act (also known as the Jones Act) Congress provided that:

> "The harbor areas and navigable streams and bodies of water and submerged lands underlying the same in and around the island of Puerto Rico and the adjacent islands and waters, owned by the United States on March 2, 1971, and not reserved by the United States for public purposes are placed under the control of the government of Puerto Rico . . . .. All laws of the United States for the protection and improvement of the navigable waters of the United States and the preservation of the interests of navigation and commerce, except so far as the same may be *locally inapplicable,* shall apply to the *said island and waters* and to its adjacent islands and waters . . . ."

48 U.S.C. § 749 (1952) (emphasis added). Pursuant to the Organic Act, the Legislature of Puerto Rico enacted the Workmen's Compensation Act, 11 L.P.R.A. §§ 1–39, which provides benefits to seamen among other workers.

In interpreting the scope of authority conferred on Puerto Rico by the Organic Act, the Court of Appeals for the First Circuit has repeatedly held that Puerto Rican seamen engaged in service aboard vessels in Puerto Rico who sustain injuries while within *Puerto Rican Waters* cannot bring Jones Act claims. They must take workmen's compensation as their exclusive remedy. Salas Mojica v. Puerto Rico Lighterage Co., 492 F.2d 904 (1st Cir. 1974); Alcoa Steamship Co. v. Perez Rodriguez, 376 F.2d 35 (1st Cir.), cert. denied, 389 U.S. 905, 88 S.Ct. 215, 19 L.Ed.2d 219 (1967); Fonseca Flores v. Prann, 282 F.2d 153 (1st Cir.), cert. denied, 365 U.S. 860, 81 S.Ct. 826, 5 L.Ed.2d 822 (1960); Guerrido v. Alcoa Steamship Co., 234 F.2d 349 (1st Cir. 1916); Lastra v. New York & Porto Rico S.S. Co., 2 F.2d 812 (1st Cir. 1924). In *Guerrido* the court reasoned:

> "that Congress intended by section 8 of the Jones Act [The Second Puerto Rico Organic Act] to give the Legislature of Puerto Rico full power to provide compensation for marine workers injured in *Puerto Rican waters* to the exclusion of the remedies against their employers provided by the American maritime law."

234 F.2d at 355 (emphasis added). The *Guerrido* court went on to say that:

> "[w]e conclude, therefore, that the rules of the admiralty and maritime law of the United States are presently in force in the navigable waters of the United States in and around the island of Puerto Rico to the extent that they are not *locally inapplicable* either because they were not designed to apply to *Puerto Rican waters* or because they have been rendered inapplicable

[1]. Freddy Solis's accident occurred about fourteen miles off the north coast of Puerto Rico and Jose Manuel Caceres's happened aboard his vessel while docked at Morgan City, La.

*to these waters* by inconsistent Puerto Rican legislation."

*Id.* (emphasis added). Later, in Fonseca v. Prann, the First Circuit reiterated its opinion that the Workmen's Compensation Act had displaced the maritime law in local waters saying:

"It is certainly true that neither the Jones Act nor the general maritime law of unseaworthiness are inherently inapplicable in Puerto Rico. . . . Instead in Lastra and Guerrido this court held and we agree that Congress in the valid exercise of powers conferred upon it by the Constitution gave the Legislature of Puerto Rico power to enact legislation inconsistent with the Jones Act and the general maritime law, and that the Legislature of Puerto Rico had exercised its power in its Workmen's Compensation Act. Of course, if Congress sees fit it may supplant the local legislation *as it applies to local navigable waters* by making the Jones Act and the general maritime law of unseaworthiness specifically applicable in Puerto Rican waters . . . ."

282 F.2d at 156–157 (emphasis added). From a reading of the Organic Act and the decisions in *Guerrido* and *Fonseca,* this court must conclude that Congress authorized Puerto Rico to supplant the maritime law only in the local waters.[2]

Nevertheless, the defendants contend that the opposite conclusion is mandated by the Puerto Rican Supreme Court's decision in Inter Island Shipping Corp. v. Industrial Commission of Puerto Rico, 89 P.R.R. 635 (1963). In the *Inter Island* case, a Puerto Rican shipowner hired a local seaman to work aboard his vessel for trips from San Juan to various ports in the U.S. Virgin Islands. The seaman was injured while in St. Thomas, U.S. Virgin Islands, outside Puerto Rican territorial waters. The employer filed a labor accident report with the State Insurance Fund of Puerto Rico, but the Manager of the Fund decided that it lacked jurisdiction to entertain the case because the accident occurred outside the territorial limits of the Commonwealth of Puerto Rico. The Puerto Rican Supreme Court reversed holding that the benefits of the Workmen's Compensation Act applied to the seaman.

■ The defendants argue that *Inter Island* dictates the conclusion that workmen's compensation is an injured seamen's only remedy, even where the injury occurs outside the territorial waters. While the defendants might well find comfort in some of the language in *Inter Island* to the effect that the Jones Act does not apply, everything in *Inter Island* other than deciding that workmen's compensation benefits attach is merely dicta.[3] The holding in that case is not inconsistent with the court's present ruling. *Inter Island* extended the benefits of the Workmen's Compensation Act extra-territorially; here, the holding is that Puerto Rico cannot make workmen's compensation the exclusive remedy outside its territorial limits.

■ In light of the Supreme Court pronouncements on the authority of Congress to delegate its powers over maritime law, and in keeping with the often stated principle of uniformity in the area of maritime law, this court is convinced that Puerto Rico's power to legis-

---

2. Chief Judge Toledo reached the same conclusion in Salas Mojica v. Puerto Rico Lighterage Co., 357 F.Supp. 339, 342 n. 4 (D.P.R.1973):

"Another would have been the case and our decision if the accident, which occurred in this case, would have occurred outside the territorial waters of Puerto Rico. That is, a cause of action under Title 46, United States Code, Section 688 would exist had the accident occurred outside the three (3) miles limit which com-

prises the territorial waters of Puerto Rico."

3. Although the court is mindful of the fact that some of the language in *Inter Island* was quoted with approval in Alcoa Steamship Co. v. Perez Rodriguez, 376 F.2d 35 (1st Cir.), cert. denied, 389 U.S. 905, 88 S. Ct. 215, 19 L.Ed.2d 219 (1967), that case involved a claimant who was injured *within* the territorial waters.

late in the maritime area must be limited to its territorial waters. In Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917), the Supreme Court held that no *State* might validly apply its workmen's compensation law to maritime injuries occurring on its territorial waters. The court reaffirmed this holding in Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 164, 40 S.Ct. 438, 441, 64 L.Ed. 834 (1920), saying that the constitutional power of Congress to legislate concerning rights and liabilities within the maritime jurisdiction could not be delegated to the states for the reason that "Congress cannot transfer its legislative power to the states."

These decisions impose constitutional restrictions on the power of the *States* and on the power of Congress to delegate its legislative powers to the States. The court is mindful of the fact that Puerto Rico is not a state, but a Commonwealth. As such, the Government of Puerto Rico has such powers as Congress from time to time has seen fit to give it under the broad power of Congress to legislate for national territory.

The problem facing the court, therefore is not one of constitutional limitations. It is one of statutory interpretation. It is whether Congress in the Second Puerto Rico Organic Act has in fact seen fit to confer on the Government of Puerto Rico the power to make its workmen's compensation act the exclusive remedy to covered employees injured outside its territorial waters. Consistent with *Jensen* and *Knickerbocker,* Congress must have intended Puerto Rico's power to supplant the Jones Act and the general maritime law, to be narrowly construed, and thus limited to the territorial waters. It is the opinion of the court that it would be wrong to further fragment the Jones Act and the general maritime law, and in fact, highly debatable as to whether even Congress could give Puerto Rico extra-territorial maritime jurisdiction. Accordingly, the defendants' motions for summary judgment will be overruled.