**Jose MANUEL CACERES,**
**Plaintiff-Appellee,**

v.

**SAN JUAN BARGE COMPANY,**
**Defendant-Appellant.**

**No. 75-1037.**

United States Court of Appeals,
First Circuit.

Aug. 1, 1975.
As Modified on Denial of Rehearing
Sept. 29, 1975.

Jose Antonio Fuste and Jimenez & Fuste, San Juan, P. R., on brief for appellant.

Harry A. Ezratty and Jose F. Sarraga, San Juan, P. R., on brief for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

This action for unseaworthiness, negligence, and maintenance and cure is before us pursuant to the certification provisions of 28 U.S.C. § 1292(b) (1970). It presents the question whether a Puerto Rico seaman injured aboard his vessel docked at Morgan City, Louisiana, has a cause of action under the Jones Act, 46 U.S.C. § 688 (1970) and the general maritime law, or whether his exclusive remedy against his employer lies under the Puerto Rico Workmen's Accident Compensation Act, 11 L.P.R.A. §§ 1–42. For purposes of this opinion we assume both that the plaintiff was a seaman and that he was injured in the course of his employment. The district court, ruling that the Jones Act gave the plaintiff a cause of action, denied the defendant employer's motion for summary judgment. *Caceres v. San Juan Barge Co.*, 387 F.Supp. 221 (D.P.R.1974). This interlocutory appeal followed.

This court has discussed the relationship between federal maritime law, including the Jones Act, and the Puerto Rico Workmen's Accident Compensation Act on prior occasions. *E. g., Salas Mojica v. Puerto Rico Lighterage Co.*, 492 F.2d 904 (1st Cir. 1974) (tugboat crewman sued employer); *Alcoa Steamship*

*Co. v. Perez Rodriguez,* 376 F.2d 35 (1st Cir.), *cert. denied,* 389 U.S. 905, 88 S.Ct. 215, 19 L.Ed.2d 219 (1967) (longshoreman sued employer-shipowner); *Fonseca Flores v. Prann,* 282 F.2d 153 (1st Cir. 1960), *cert. denied,* 365 U.S. 860, 81 S.Ct. 826, 5 L.Ed.2d 822 (1961) (seaman sued employer). *See also Waterman Steamship Corp. v. Rodriguez,* 290 F.2d 175 (1st Cir. 1961) (longshoreman sued third party shipowner); *Guerrido v. Alcoa Steamship Co.,* 234 F.2d 349 (1st Cir. 1956) (same). In each of these five cases the accident had occurred inside the territorial waters of Puerto Rico, and in each case the court, relying on the Second Puerto Rico Organic Act, held or stated in dicta that "the Workmen's Accident Compensation Act, and not federal maritime law, is the exclusive remedy in suits against an insured employer for injuries sustained in the course of employment." *Salas Mojica v. Puerto Rico Lighterage Co., supra* at 904. The instant case, in which the accident happened outside Puerto Rico's territorial waters, presents a question of first impression. Despite its novelty the question is not difficult to decide, because the controlling statutes are unambiguous. The Jones Act by its terms gives this plaintiff a cause of action; he retains it unless some other statute validly deprives him of it.

■ The statute relied on for this effect is § 20 of the Workmen's Accident Compensation Act, 11 L.P.R.A. § 21. However this statute can override the Jones Act only if a congressional enactment so authorizes. *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 409–10, 74 S.Ct. 202, 98 L.Ed. 143 (1953). The statute alleged to have this effect is the Second Puerto Rico Organic Act, 48 U.S.C. § 749 (1970):

"The harbor areas and navigable streams and bodies of water and submerged lands underlying the same in and around the island of Puerto Rico and the adjacent islands and waters, owned by the United States on March 2, 1917, and not reserved by the United States for public purposes, are placed under the control of the government of Puerto Rico . . . . . All laws of the United States for the protection and improvement of the navigable waters of the United States and the preservation of the interests of navigation and commerce, except so far as the same may be locally inapplicable, shall apply to said island and waters and to its adjacent islands and waters. . . . ."

A brief but careful explication of that enactment shows that it does not extend to Puerto Rico the power to supplant federal maritime law on the facts of this case. The first sentence conveys control over certain land and adjacent waters to the government of Puerto Rico. The island and adjacent waters involved are those owned by the United States on March 2, 1917—thus excluding Morgan City, Louisiana, and its adjacent waters. The next sentence declares the general rule that federal law shall apply to the land and waters mentioned, except insofar as Puerto Rico both has and exercises the power to supersede that law. The exception is limited by the same geographical terms that limit the general rule: "said island and waters and . . . its adjacent islands and waters." The result is that neither the general rule nor the exception provides authority for Puerto Rico to limit seamen to workmen's compensation claims in the circumstances here. *Accord, Fanfan v. Berwind Corp.,* 362 F.Supp. 793, 797 (E.D.Pa.1973) (dicta); *Salas Mojica v. Puerto Rico Lighterage Co.,* 357 F.Supp. 339, 342 n.4 (D.P.R.1972) (dicta), *aff'd,* 492 F.2d 904 (1st Cir. 1974).

Appellant relies on the cases holding that workmen's compensation acts may validly be applied to accidents happening outside the jurisdiction awarding the compensation, *e. g., Alaska Packers Ass'n v. Industrial Accident Comm'n,* 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044; and in particular on *Inter Island Shipping Corp. v. Industrial Comm'n,* 89 P.R.R. 635 (1963), in which the Supreme Court of Puerto Rico construed its Workmen's Accident Compensation Act to apply to a maritime accident outside Puer-

to Rico territorial waters. But the result in these cases did not require holding that these acts are the only available remedy. Our discussion above establishes that the exclusive remedy provision in the Puerto Rico law cannot deprive this plaintiff of his federal maritime claim.

*Affirmed.*