The SOUTHLAND CORPORATION
(CABELL'S DAIRY DIVI-
SION), Plaintiff,

v.

J. E. SHEW, Defendant.

Civ. A. No. 3–1001.

United States District Court
N. D. Texas,
Dallas Division.

Nov. 9, 1965.

Fisher & Phillips, John Bacheller, Jr., Atlanta, Ga., Atwell, Grayson & Atwell, Howard L. Abramson, Dallas, Tex., for plaintiff.

Stevenson & Riley, James D. Stevenson, Dallas, Tex., for defendant.

DAVIDSON, District Judge.

Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 for the purpose of determining an actual controversy between the parties with respect to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201–219. This Court has jurisdiction under 28 U.S.C. § 1337.

Plaintiff, Southland Corporation, is a valid Texas corporation, having its principal office in Dallas, Texas. Defendant is a former employee of Plaintiff who resides in Dallas County, Texas.

During the period of his employment, June 18, 1963 to June 18, 1965, Defendant Shew was employed solely as a driver of a transport truck carrying refrigerated products from Dallas, Texas, to branches of Plaintiff's dairy in Odessa and Midland, Texas. (Stip. pg 2)

Plaintiff is a private carrier of property by motor vehicle as used in 49 U.S.C. § 304(a) (3). The duties of Defendant as a driver of said transport directly affected the safe operation of said motor vehicle upon the public highway. (Stip. pg 2)

Plaintiff owns a plant at Dallas, Texas, where it processes and packages milk for distribution to its various branches in Texas through a system of regularly scheduled transport trucks. Plaintiff also receives at its Dallas plant various products which it purchases from producers located outside the State of Texas, which products are also distributed to Plaintiff's branches by means of the same scheduled transport trucks.

These products include butter, oleo and whipped cream, which are processed and packaged in Iowa, Illinois, and California, respectively. Defendant is regularly employed in transporting such milk and out of state products from Dallas to Plaintiff's Odessa and Midland branch. (Stip. pg 2 & 3)

It is not unusual for a portion of the butter received in Dallas to be trans-shipped to the branches on the same day of receipt or the day following. The goods are not processesd or altered in the Dallas plant. (Stip. pg 3)

Plaintiff and Defendant agree that transportation of such out of state items constitutes transportation of goods in interstate commerce within the meaning

of the Fair Labor Standards Act. (Stip. pg 3)

Plaintiff contends that Defendant is exempt from the overtime requirements of the Fair Labor Standards Act pursuant to Sec. 213(b) (1) of the Act.

Defendant Shew claims overtime compensation in accordance with the Act of some $2,750.00 over the applicable two year period. Defendant contends and Plaintiff admits that the above described duties constitute transportation of goods in interstate commerce as a basis for coverage of the Fair Labor Standards Act; but Defendant denies that such duties furnish a jurisdictional basis for regulation of his employment by the Interstate Commerce Commission pursuant to the Motor Carrier Act, 49 U.S.C. § 304 (a) (3). Defendant contends that the motor carrier exemption contained in Sec. 213(b) (1) is not applicable to his employment.

Plaintiff claims "good faith" in believing Defendant's activities to be under the motor carrier exemption. We agree.

29 U.S.C. § 213(b) states:

"The provisions of section 207 of this title shall not apply with respect to—

(1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49; or * * *."

49 U.S.C. § 304(a) states:

"It shall be the duty of the Commission—

* * * * * *

(3) To establish for private carriers of property by motor vehicle, if need therefor is found, reasonable requirements to promote safety of operation, and to that end prescribe qualifications and maximum hours of service of employees, and standards of equipment. * * *"

The question is whether the duties of the Defendant as described above fall within the exemption, 213(b) (1) above.

█ It has long been established that there is no concurrent jurisdiction between the Fair Labor Standards Act and the Motor Carrier Act. Morris v. McComb, 1947, 332 U.S. 422, 68 S.Ct. 131, 92 L.Ed. 44. Thus, if the Interstate Commerce Commission has the power to regulate, regardless of whether or not it chooses to do so, then the exemption is applicable. Southland Gasoline Co. v. Bayley, 1943, 319 U.S. 44, 63 S.Ct. 917, 87 L.Ed. 1244; Epps v. Weathers, D.C. Ga.1943, 49 F.Supp. 2; Ispass v. Pyramid Motor Freight Corp., C.C.A.N.Y., 152 F.2d 619, vacated in part on other grounds 330 U.S. 695, 67 S.Ct. 954, 91 L.Ed. 1184.

It is agreed by stipulation that Defendant's duties were solely that of a truck driver upon the highways of the State of Texas and that, necessarily, his actions directly affected the safety of operation of his vehicle.

█ To come within the exemption, a motor vehicle need not actually cross state lines, but it is necessary that the property transported in the truck be interstate shipments. Earle v. Brinks, Inc., D.C.N.Y.1943, 54 F.Supp. 676. If state lines are not crossed nor the goods in transit interstate, then the exemption is not applicable. Walling v. DeSoto Creamery & Produce Co., D.C.Minn.1943, 51 F.Supp. 938.

It is readily obvious that Defendant was engaged in the transportation of goods for sale and in the furtherance of a commercial enterprise, hence, the instant question is narrowed to the determination of whether it was engaged in the transportation of goods in interstate commerce.

█ Beggs v. Kroger Co., 167 F.2d 700, 8th Cir. 1948, involved a chain of grocery stores receiving most of its goods from out of state which were shipped to a central warehouse and then later distributed via truck to various retail establishments (its own branches) within

the state. The Court there held that that part of the goods which went through the warehouse did not "come to rest" at the warehouse. The warehouse was merely a convenient instrumentality for the division of the shipments coming to it and the continuation of the movement of each part to the retail stores. The Plaintiff knew when the shipment began outstate that all of them were destined for the retail stores. The warehouse was not a wholesale establishment and none of the goods that entered it were resold. The fact that the operations of the drivers were wholly intrastate is not decisive when the activities constituted a part of a continuous or through movement of freight from points outside the State to retail stores within. See also Goldberg v. Faber Industries, Inc., 7 Cir. 1961, 291 F.2d 232; Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460 (1943). The process here is the same.

In Morris v. McComb, supra, the Supreme Court held that the Interstate Commerce Commission has power to establish the qualifications and maximum hours of service of full time drivers employed by a motor vehicle carrier when interstate business is from three to four percent of the total and is carried on indiscriminately by such employees with the intrastate business, and such employees are not subject to the Fair Labor Standards Act.

The fact that out of state goods are mixed with intrastate goods is not decisive, for the shipments are, at least in part, a process of through movement of freight.

Moreover, the emergence of a narrow constuction of the term "interstate commerce" differing as to its historical construction under the Motor Carrier Act, allegedly cultivated by the Interstate Commerce Commission in Ex Parte No. M.C. 48, 71 M.C.C. 17, resulting in a recent change of administrative policy reflected in altered administrative regulations, does not necessarily alter the law as it has existed under essentially the same language for over a quarter of a century.

We find that the action of Defendant is within the exemption contained in 29 U.S.C. § 213(b) (1). Judgment will be entered accordingly.