Douglas SUTTON, Eugene Pinkney,
Harry Whitfield, and James Kelly

v.

HILCO HOMES CORPORATION.

Civ. A. No. 37857.

United States District Court
E. D. Pennsylvania.

April 19, 1968.

James F. McCort, Philadelphia, Pa.,
for plaintiffs.

Jay G. Ochroch, Philadelphia, Pa., for
defendant.

## OPINION

MASTERSON, District Judge.

Plaintiffs, Douglas Sutton, Eugene
Pinkney, Harry Whitfield, and James
Kelly, brought this action against their
former employer, Hilco Homes Corpora-
tion, seeking to recover from it unpaid
overtime compensation and an additional
amount as liquidated damages. Plain-
tiffs' claims allegedly arise under the
Fair Labor Standards Act, Title 29 U.S.
C.A. §§ 207, 216. Accordingly, plaintiffs
invoke the jurisdiction of this court pur-
suant to Title 28 U.S.C.A. § 1337 which
establishes original jurisdiction here of
any " * * * civil action or proceeding
arising under any Act of Congress regu-
lating commerce * * * " irrespective
of diversity of citizenship or amount in-
volved. See, Ferrante v. Trojan Powder
Co., 79 F.Supp. 502, 503 (E.D.Pa., 1947);

Berger v. Clouser, 36 F.Supp. 168, 170–171 (M.D.Pa., 1940).

Plaintiffs have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the basis "* * * that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The defendant opposes this motion on the basis that there are unresolved issues of material fact. The defendant also has interposed several arguments directed to matters which must be decided preliminarily before consideration of the plaintiffs' motion. These contentions are:

(1) that the plaintiffs do not have a claim under the Fair Labor Standards Act because they are members of a class of employees which is specifically exempted from the Act's coverage; and,

(2) assuming that plaintiffs do allege a federally cognizable cause of action, they are not properly before this Court because of their failure to exhaust the grievance procedures established in the contract between the defendant and the International Brotherhood of Teamsters, Local #470, the union to which all four plaintiffs belong.

Defendant's first contention is based upon the language of Title 29 U.S.C.A. § 213(b), which provides, in pertinent part:

"The provisions of section 207 of this title shall not apply with respect to—

(1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49 * * *."

Title 49 U.S.C.A. § 304(a) provides, in pertinent part:

"(a) It shall be the duty of the Commission—

(3) To establish for private carriers of property by motor vehicle * * * reasonable requirements to promote safety of operation, and to that end prescribe qualifications and maximum hours of service of employees * * *."

The critical question is thus whether the plaintiff-employees are employees "* `* with respect to whom the Interstate Commerce Commission has power to establish qualifications * * *". This, in turn, depends upon the nature of the defendant-employer's business.

The defendant, Hilco Home Corporation, is a "private carrier of property" as that term is defined in the Interstate Commerce Act.[1] The plaintiffs themselves in paragraphs 6 and 10 of their complaint have alleged the interstate nature of the defendant's operation. Thus, under Title 49 U.S.C.A. § 304(a), the defendant is clearly subject to the regulatory power of the Interstate Commerce Commission. It is also clear from the facts alleged in the complaint that the plaintiffs were employees of the defendant, and, as truck-drivers, performed duties which substantially affected the safety of the defendant's interstate operations. The Interstate Commerce Commission is directly concerned with the performance of such duties. See, Harshman v. Well Service, Inc., 248 F.Supp. 953, 960 (1964), af'd per curiam, 355 F. 2d 206 (C.A. 3, 1965).

■ In view of these facts the law is well-established that the plaintiffs' claims for overtime compensation are barred by the exemptive provision of Title 29 U.S. C.A. § 213(b) (1). See, Goldberg v. Faber Industries, Inc., 291 F.2d 232, 235 (C.A. 7, 1961), *Harshman,* supra, 248 F. Supp. at p. 954, Southland Corp. (Cabell's Dairy Division) v. Shew, 248 F.Supp. 12, 14 (N.D.Texas, Dallas Division, 1965). It should be noted that this exemption is

---

[1]. The Act reads, in pertinent part: "* * * (a)ny person * * * who or which transports in interstate * * * commerce, by motor vehicle, property of which such person is the owner * * * when such transporation is for the purpose * * * of any commercial enterprise." See, Title 49 U.S.C.A. § 303(a) (17).

effective even if the Interstate Commerce Commission has not in fact exercised its regulatory power. See, Southland Gasoline v. Bayley, 319 U.S. 44, 63 S.Ct. 917, 87 L.Ed. 1244 (1943). Hence plaintiffs' motion for summary judgment must be denied.

, ■■ Although the defendant made no motion to dismiss for failure to state a claim upon which relief could be granted, the facts of this case, as summarized supra, suggest that such a disposition might be proper.[2] See, *Harshman*, supra, 248 F.Supp. at 960. However, although the plaintiffs' complaint does not assert any cause of action other than that referred to above, both parties have adverted to this possibility by addressing substantial portions of their respective briefs to the question of whether the plaintiffs have exhausted their contract grievance procedures. See generally, Republic Steel Corp. v. Maddox, 379 U.S. 650, 657–659, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Plaintiffs may have a federal cause of action pursuant to § 301 of the Labor Management Relations Act, Title 29 U.S.C.A. § 185. Therefore, a dismissal of plaintiffs' action, without leave to amend their complaint, might have the result of barring a claim which the plaintiffs never clearly asserted, and surely would be inconsistent with the liberal philosophy underlying the Federal Rules of Civil Procedure:

"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." See, Foman v. Davis, Executrix, 371 U.S. 178, 181–182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

See also, Downey v. Palmer, 114 F.2d 116, 117 (C.A. 2, 1940), Britton v. Atlantic Coast Line R. R. Co., 303 F.2d 274, 275 (C.A. 5, 1962), and Moore, Federal Practice, Volume 3, ¶ 15.10, p. 957.

2. The failure of the defendant to make a motion to dismiss for failure to state a claim upon which relief can be granted does not bar this Court from noting

For the reasons discussed above, this action will be dismissed insofar as it is based upon the Fair Labor Standards Act. However, plaintiffs are granted leave to amend their complaint within the next ten (10) days to assert a cause of action under the Labor Management Relations Act if they believe that they have such a cause of action.

such a defect, and, from disposing of the case in an appropriate fashion by its own motion. See, Tipton v. Bearl Sprott Co., 175 F.2d 432, 436–437 (C.A.9, 1949).