Cecilio **GOMEZ VAZQUEZ**, Plaintiff,

v.

**LITTON INDUSTRIES LEASING CORP.**
**and Continental Insurance Co.,**
**Defendants.**

**Civ. No. 349–67.**

United States District Court,
D. Puerto Rico.

April 22, 1975.

Gustavo A. Gelpi, Nachman, Feldstein & Gelpi, San Juan, P. R., for plaintiff.

Vicente M. Ydrach, Hartzell, Ydrach, Mellado, Santiago, Perez & Novas, Hato Rey, P. R., for defendants.

## ORDER

BEEKS, Senior District Judge.

This vintage lawsuit arises out of an injury suffered by plaintiff longshoreman on February 24, 1966, over nine years ago, while working aboard a vessel owned by defendant but operated under a demise charter by Sea-Land Service, Inc. The complaint was filed on May 26, 1967. Defendant moved for summary judgment on April 11, 1969, but action on the motion was stayed pending decision by the Court of Appeals for the First Circuit in the case of Torres Ramos v. Beauregard, Inc.,[1] the outcome of which was to control the result herein.[2] Torres Ramos was decided by the Court of Appeals and *certiorari* denied by the Supreme Court in 1970. Thereafter, plaintiff amended his complaint to join Continental Insurance Company as a party defendant. On the basis of *Torres Ramos*, which this Court agreed is controlling, summary judgment was entered for defendant on January 24, 1975.

On January 29, 1975, plaintiff, by way of motion under Fed.R.Civ.P. Rule 59, sought reconsideration of the summary dismissal. Plaintiff alleged that defendant's failure to cooperate in discovery had prevented plaintiff from deposing certain of defendant's officers, and thus had impeded plaintiff's ability to oppose the motion for summary judgment. Plaintiff's efforts in discovery had been directed toward a possible refutation of the existence of the demise charter that brings this case within the rule of *Torres Ramos*. Plaintiff further alleged that even if dismissal of the action as to defendant Litton was proper, the Court erred in dismissing the case against Continental, Litton's insurer.

On February 3, 1975, the Court denied plaintiff's motion for reconsideration.

1. 423 F.2d 916 (1st Cir.), cert. denied, 400 U.S. 865, 91 S.Ct. 101, 27 L.Ed.2d 104 (1970).

2. Plaintiff's Opposition to Motion for Reconsideration, filed May 19, 1969, at paragraph 3 ("the issue here is identical to Torres Ramos"), and paragraph 4 ("[i]f Torres Ramos is affirmed and certiorari denied, this case must be dismissed.")

In its order, the Court set forth a summary of the sloth-like gestures that constituted the efforts at discovery undertaken by plaintiff. It was ruled that plaintiff, having delayed disposition of the motion for summary judgment for a period of almost six years on the ground that *Torres Ramos* would be dispositive could not thereafter pursue belated discovery in an attempt to refute his prior position.

This Court's order of February 3, 1975 also denied plaintiff's motion to set aside the dismissal of the action against Continental. The court noted that "[p]laintiff suggests no basis for rendering Continental liable for an injury for which its assured is not liable."

On the basis of these rulings, as well as for the reason that "plaintiff wholly failed to prosecute diligently, which in itself is adequate ground for dismissal," the plaintiff's motion was denied.

Plaintiff now seeks relief under a second motion for reconsideration. Although acknowledging the substantive propriety of the dismissal as to Litton, plaintiff contends that the Court erred in its narrow construction of the Puerto Rico direct action statute,[3] and that the circumstances of this case render inappropriate a dismissal for failure to prosecute. Plaintiff requests that the Court vacate its order of dismissal as to defendant Continental.

■ At the outset, it must be acknowledged that the Court erred in its order of February 3, 1975, in reciting too narrow a construction of the direct action statute. Authority brought to the attention of the Court in plaintiff's more recent motion for reconsideration makes it clear that under 26 L.P.R.A. §§ 2001–2003 an insurer may indeed be held liable even when there is no liability of the insured.[4] Plaintiff asserts and provides authority for the proposition that under the statute an insurer may not pose a personal defense available to the insured. Thus, an action against the insurer is not barred by a statute of limitations defense available to the insured;[5] neither is an insurer immunized by a statutory notice provision that precludes suit against its insured;[6] nor may an insurer raise the defenses of sovereign[7] or inter-spousal[8] immunity in a suit against it.

Plaintiff asserts that defendant Litton was dismissed because of the exclusivity provision of the Puerto Rico Workmen's Accident Compensation Act,[9] and that this is a personal defense not available to Continental, Litton's insurer.[10]

---

3. 26 L.P.R.A. §§ 2001–2003.

4. *See,* Torres v. Interstate Fire & Cas. Co., 275 F.Supp. 784 (D.Puerto Rico 1967); Garcia v. Northern Assurance Co., 92 P.R.R. 236 (1965); Trigo v. The Travelers Ins. Co., 91 P.R.R. 843 (1965).

5. Trigo v. The Travelers Ins. Co., *id.*

6. Garcia v. Northern Assurance Co., *supra* note 4.

7. Jose Gomez Ujaque v. American Fire & Cas. Co., unreported order of Chief Judge Ruiz-Nazario, dated June 12, 1964 (cited in Torres v. Interstate Fire & Cas. Co., *supra* note 4 at 789).

8. Schenkman v. Travelers Indemnity, et al., unreported decision of Chief Judge Hiram Cancio, dated January 12, 1967 (cited in Torres v. Interstate Fire & Cas. Co., *supra* note 4, at 789).

9. 11 L.P.R.A. § 1 et seq. 11 L.P.R.A. § 21 provides:

"When an employer insures his workmen or employees in accordance with this chapter, the right herein established to obtain compensation shall be the only remedy against the employer * * *."

10. Plaintiff's Motion Under Rule 59, filed January 29, 1975:

"4. Furthermore, the Court has dismissed the whole case with prejudice and without consideration to the fact that co-defendant Continental Insurance Company, as party defendant, is liable to plaintiff regardless of whether eventually it is determined by the Court that Litton can avail itself of the personal defenses and immunities of the Puerto Rico Workmen's Compensation Act * * *."

Plaintiff misreads the relationships among the parties to this action, the ground relied upon by this Court in dismissing Litton, and the thrust of the *Torres Ramos* decision.

Plaintiff was employed by Sea-Land, who was insured under the Compensation Act. Sea-Land, by demise charter, operated a vessel owned by Litton. When plaintiff was injured, suit against his employer, Sea-Land, was barred by the terms of the Act which provide that compensation benefits shall be the exclusive remedy of an employee against his employer.[11] Plaintiff received compensation benefits, and, having no further remedy against Sea-Land, brought suit against Litton, owner of the vessel, alleging that the injury was the result of the unseaworthy condition of the vessel.

In *Torres Ramos,* it was held that when an owner parts with control of his vessel by way of demise charter, he is not liable for injuries resulting from an unseaworthy condition arising after the demise. As stated by the Court:

> " * * * [T]he duty to provide a seaworthy vessel is grounded in personal obligation. We would reduce this notion of personal obligation to pure fiction if we extended it to include conditions arising during a demise charter, when the owner has no right to control and no opportunity to correct defects. * * *

> " * * * In this case, where the shipowner has breached no duty owed to the injured party, he should be free of all liability, whether limited or unlimited." [12]

■■ In the present case, as in *Torres Ramos,* the exclusivity provision of the Puerto Rico Workmen's Accident Compensation Act is a defense, personal or otherwise, only as to the employer, Sea-Land. The shipowner, Litton, was dismissed because it had parted with control of the vessel and thus could not be said to have breached any duty owed to the injured party. There is nothing in the case law cited by plaintiff pursuant to its argument on personal defenses that suggests any basis for holding an insurer liable when there is no cause of action against its insured.

If plaintiff were now seeking to maintain an action against the insurer of Sea-Land, its argument on the issue of personal defenses would be relevant, if not convincing. Plaintiff, however, is seeking to sustain an action against the insurer of Litton. Under *Torres Ramos* there is no factual or legal basis for holding Litton liable to plaintiff. This is not a case wherein Litton would be liable but for a personal defense; the absence of liability is substantive. Accordingly, there can be no liability imposed against Continental.

■■ Plaintiff also asserts that insofar as Continental never moved for summary judgment on these grounds, there is no legal basis for a *motu proprio* dismissal on these grounds. There is, however, ample authority for the proposition that a court may *sua sponte* dismiss a case when it is apparent that no cause of action is stated.[13] Although this is a step not to be taken lightly,[14] the principal reason for caution is that a plaintiff must not be denied opportunity to present argument against dismissal.[15]

11. *See,* note 9, *supra. See also,* Alcoa Steamship Company v. Perez Rodriguez, 376 F.2d 35 (1st Cir.), cert. denied, 389 U.S. 905, 88 S.Ct. 215, 19 L.Ed.2d 219 (1967).

12. 423 F.2d at 918.

13. Literature, Inc. v. Quinn, 482 F.2d 372 (1st Cir. 1973); Dodd v. Spokane County, Washington, 393 F.2d 330 (9th Cir. 1968); Sutton v. Hilco Homes Corp., 283 F.Supp. 492 (E.D.Pa.1968).

14. Barnes v. Dorsey, 354 F.Supp. 179 (E.D. Mo.), affirmed, 480 F.2d 1057 (8th Cir. 1973).

15. Literature, Inc. v. Quinn, *supra* note 13; Dodd v. Spokane County, Washington, *supra* note 13; Gutensohn v. Kansas City Southern R. Co., 140 F.2d 950 (8th Cir. 1944); Roloff v. Perdue, 31 F.Supp. 739 (N.D.Iowa 1939).

Plaintiff herein has now been heard twice in opposition to dismissal of the case against Continental, and the Court remains convinced that plaintiff has no cause of action against that defendant. Insofar as summary judgment in favor of Continental was based upon the substantive absence of liability, plaintiff's motion to reconsider that judgment is denied.

In its order of February 3, 1975, however, dismissal of plaintiff's action was also based upon the failure of plaintiff to diligently prosecute this action. Plaintiff first alleges that this was improper insofar as plaintiff was not given an opportunity to present argument on this issue. Be that as it may, the Court has now been advised of the reasons for plaintiff's multitudinous delays in this case, and does not find them persuasive.

Plaintiff alludes to the cordial relationship that exists between the law firms representing plaintiff and defendant herein, and indeed, that exists among all members of the admiralty bar of Puerto Rico. Plaintiff contends that this cordiality permits counsel to reach agreements among themselves, without the necessity of imposing upon the officers of the court to resolve certain disputes. In the present case, counsel agreed at numerous junctures to continuances and extensions of time. On at least one occasion counsel agreed to a continuance that was in direct violation of an order of the Court.

█ Whereas cooperation among members of the bar is a desirable goal that often works in the best interest of judicial administration, it is apparent from the record of the present case that it can sometimes work the opposite result. Counsel are not at liberty to consent to ignore orders of the court, nor to consent to indefinite non-prosecution of a case. The courts do not exist for the convenience or cordiality of counsel; nor do they exist to accommodate the bench. The courts are for the benefit of the people, and are to be administered accordingly. When counsel are permitted to control the progress of litigation with a view toward accommodating each other, efficient administration of justice falls by the wayside. For example, how many witnesses, without prompting or suggestion, can accurately recall the details of an accident that occurred over nine years earlier? As observed by William Ewart Gladstone, Prime Minister of Great Britain, in the past Century, "justice delayed, is justice denied."

The lack of progress manifest in this nine-year-old personal injury claim is not unique: sadly, it is representative. When such dilatory methods of practice are adopted on a district-wide basis, court calendars become congested, unmanageable backlogs of cases accumulate, and all litigants are denied prompt adjudication of their disputes. Further, it then becomes necessary to institute "crash programs", such as the one in which this court recently participated, to reduce the backlog at great additional expense to the taxpayer.

█ The failure of counsel for plaintiff to diligently prosecute this claim has worked an imposition on both the Court and the litigants. It is clearly within the power of the Court *sua sponte* to dismiss for failure to prosecute.[16] In the face of such a dismissal, plaintiff cannot contend that defendant has been responsible for untoward delay: the duty to prosecute an action lies with plaintiff, not defendant.[17] If a defendant employs dilatory tactics, the Federal Rules of Civil Procedure provide remedial measures.

█ It is my view that this case should be dismissed for failure to prose-

---

16. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

17. S & K Airport Drive-in, Inc. v. Paramount Film Dist. Corp., 58 F.R.D. 4 (E.D.Pa.), affirmed, 491 F.2d 751 (3rd Cir. 1973).

cute as well as for the substantive reason that no cause of action can lie against defendant Continental. I think it important, however, for the Court of Appeals to pass on a method of practice whereby able counsel, as I know plaintiff's counsel to be, can delay resolution of a simple personal injury claim for a period of eight years. I will therefore go no further than to rule that plaintiff's failure to prosecute warrants dismissal herein.

For all of the reasons aforesaid, plaintiff's motion for reconsideration is denied.