Anibal **RUIZ RODRIGUEZ** et al., Plaintiffs, Appellants,

v.

**LITTON INDUSTRIES LEASING CORP.** et al., Defendants, Appellees.

No. 77–1263.

United States Court of Appeals, First Circuit.

April 27, 1978.

Gustavo A. Gelpi, San Juan, P. R., with whom Feldstein, Gelpi, Toro & Hernandez, San Juan, P. R., was on brief, for plaintiffs, appellants.

Daniel J. Dougherty, New York, N. Y., with whom Vicente M. Ydrach, San Juan, P. R., Kirlin, Campbell & Keating, New York, N. Y., and Hartzell, Ydrach, Mellado, Santiago & Perez, San Juan, P. R., were on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

█ Appellants are longshoremen who were injured during their work on vessels in Puerto Rican harbors. They invoke federal diversity jurisdiction, 28 U.S.C. § 1332, and the Puerto Rico direct action statute, 26 P.R.Laws Ann. §§ 2001 et seq., in aid of their various actions, now consolidated, to recover damages for personal injury from The United Kingdom Mutual Steamship (Bermuda) Limited (United Kingdom), which provides protection and indemnity insurance for appellants' employer, Sea Land Services, Inc. Sea Land operated these vessels under a demise charter.* Appellants concededly have already received compensation for their injuries pursuant to the Puerto Rico Workmen's Compensation Act, 11 P.R.Laws Ann. §§ 1 et seq., which classifies Sea Land Services as an insured employer participating in the compensation plan. 11 P.R.Laws Ann. §§ 2, 19, 21. They are thus barred from suing their employer Sea Land in tort, id. § 21, regardless of its concurrent status as charterer of the vessel. Alcoa v. Perez Rodriguez, 376 F.2d 35 (1st Cir.), cert. denied, 389 U.S. 905, 88 S.Ct. 215, 19 L.Ed.2d 219 (1967). Appellants urge nonetheless that the direct action statute affords them the right to bring against their employer's insurer, United Kingdom, the very tort action that the Puerto Rico Workmen's Compensation Act prohibits them from bringing against their employer.

█ The district court granted summary judgment for the insurer. 428 F.Supp. 1232 (D.P.R.1977). We endorse the district court's reasoning, and affirm its judgment. It seems obvious, direct action statute or no, that appellants cannot recover from their employer's liability insurer when they lack any right of action against the employer. Where the employer is not liable, there has been no "loss covered by the policy," 26 P.R.Laws Ann. § 2001, such as would allow recovery under its terms. The insurer's legal liability can be no greater than the extent of its underlying contractual undertaking with its insured. Nothing in the direct action statute says otherwise. 26 P.R.Laws Ann. § 2003. To be sure, we have characterized the direct action statute as creating "a separate cause of action" against the insurer, Ramos v. Continental Insurance Co., 493 F.2d 329, 331 (1st Cir. 1974), quoting Fraticelli v. St. Paul Fire & Marine Insurance Co., 375 F.2d 186 (1st Cir. 1967). But the cause of action merely permits an injured party to maintain directly

---

* The vessels in question are owned by the named defendant, Litton Industries Leasing Corp., and others. The "bareboat" or "demise" charter arrangement under which Sea Land operates them is "tantamount to, though just short of, an outright transfer of ownership." Guzman v. Pichirilo, 369 U.S. 698, 700, 82 S.Ct. 1095, 1096, 8 L.Ed.2d 205 (1962). Appellants originally sued the vessel owners as well as the charterer's insurers, but do not contest the dismissal of those related actions. See Ramos v. Beauregard, Inc., 423 F.2d 916 (1st Cir.), cert. denied, 400 U.S. 865, 91 S.Ct. 101, 27 L.Ed.2d 104 (1970).

**46**

against the insurer the same claim it could have pursued against the insured. It has never been suggested that under the direct action statute the insurer's liability somehow becomes independent of its contractual obligations. *See Ramos v. Continental Insurance Co.*, 493 F.2d 329, 332, 333 & n. 4 (1st Cir. 1974); *Nations v. Morris*, 483 F.2d 577, 587–88 & n. 36 (5th Cir.), *cert. denied*, 414 U.S. 1071, 94 S.Ct. 584, 38 L.Ed.2d 477 (1973); *Gomez Vazquez v. Litton Industries Leasing Corp.*, 67 F.R.D. 117, 120 (D.P.R. 1975) (dicta); *cf. Garcia v. Northern Assurance Co.*, 92 P.R.R. 236 (1965); *Trigo v. The Travelers Insurance Co.*, 91 P.R.R. 843, 850–53 (1965).

■ Appellants maintain that the district court should at least have certified their contentions as a question to the Supreme Court of Puerto Rico. In a federal diversity case, the decision to certify a question of law to the local court is discretionary. *Lehman Bros. v. Schein*, 416 U.S. 386, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974); *Fornaris v. Ridge Tool Co.*, 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970). While Puerto Rico's direct action statute has its complexities, its application in these circumstances does not present a close or novel question, and the district court's choice not to certify plainly did not constitute an abuse of discretion. *Compare Bellotti v. Baird*, 428 U.S. 132, 96 S.Ct. 2857, 49 L.Ed.2d 844 (1976); *Fornaris v. Ridge Tool Co., supra.*

There is, finally, no merit in appellants' criticism of the district court for referring to Louisiana and Fifth Circuit authority respecting the Louisiana direct action statute as an aid to interpretation of Puerto Rico's statute. The Supreme Court of Puerto Rico has itself cited authorities from these jurisdictions in aid of construing the Puerto Rican analogue. *Garcia v. Northern Assurance Co., supra* at 241–46; *Trigo v. The Travelers Insurance Co., supra* at 849–50. *See Torres v. Interstate Fire and Casualty*, 275 F.Supp. 784 (D.P.R.1967).

*The judgment is affirmed.*