Kenny BAREFOOT, et al., Plaintiffs,

v.

MID–AMERICA DAIRYMEN, INC., Defendant.

Civ. A. No. 3:91–CV–1817–X.

United States District Court, N.D. Texas, Dallas Division.

July 15, 1993.

John L Lesly, Law Office of John L. Lesly, Dallas, TX, for plaintiffs.

Bryan Cyril Collins, John Bernard Nelson, Jackson & Walker, Dallas, TX, John J Yates, Tonya O Johnston, Wayne H Hoecker, Robert J Harrop, Gage & Tucker, Kansas City, MO, for defendant.

## MEMORANDUM OPINION
## AND ORDER

KENDALL, District Judge.

NOW before the Court are Plaintiffs' Motion for Summary Judgment filed March 1, 1993, Defendant's Motion for Summary Judgment also filed March 1, 1993, and their respective responses and replies. After

carefully considering the arguments of counsel contained in their briefs, supporting affidavits and deposition excerpts, and applicable law, the Court determines that Defendant's motion for summary judgment should be, and hereby is, **GRANTED.**

## BACKGROUND

The Defendant, Mid–America Dairymen, Inc. ("Mid–America"), is a cooperative marketing association owned by approximately 9,000 dairy farmers with milk production facilities in fifteen states including Texas. Plaintiffs were truck driver employees of Mid–America who were engaged in hauling Mid–America's milk products. Plaintiffs allege that their workweeks, at various times during the period September 1988 to December 1992, were greater than forty hours and that Mid–America owes them overtime compensation for the hours over forty.

Plaintiffs' action arises under Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), and they sue for overtime compensation, liquidated damages, and attorney's fees and costs. Mid–America defends by claiming an exemption to paying overtime compensation pursuant to Section 13(b)(1) of the FLSA. The sole issue before this Court is whether Mid–America is exempt under Section 13(b)(1) of the FLSA.

## SUMMARY JUDGMENT STANDARD

■ The movant in a summary judgment context must show the absence of any genuine issue of material fact and entitlement to judgment as a matter of law.[1] *Fed.R.Civ.P.* 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir.1991). The rules allocating the burden of proof are vitally important for a summary judgment analysis. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir.1991). The allocation depends on the burden of proof at trial. *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190

(5th Cir.1991). Mid–America asserts its entitlement to judgment as a matter of law based on the motor carrier's exemption of 29 U.S.C. § 213(b)(1) ("FLSA Section 13(b)(1)"). Because this assertion is an affirmative defense on which Mid–America would bear the burden of proof at trial, Mid–America must produce evidence that establishes "beyond peradventure *all* of the essential elements of the ... defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986).

## THE SECTION 13(b)(1) EXEMPTION

■ Section 7 of the FLSA requires employers to compensate employees engaged in commerce for workweeks longer than forty hours at a rate not less than one and one-half times the employee's regular rate of compensation. 29 U.S.C. § 207(a)(1). Congress, however, has provided exemptions to Section 7. One exemption, contained in Section 13(b)(1) of the FLSA, provides that the overtime requirements of Section 7 do not apply to employees regarding whom the Secretary of Transportation has power to establish qualifications and maximum hours of service. 29 U.S.C. § 213(b)(1); *Baez v. Wells Fargo Armored Serv. Corp.*, 938 F.2d 180, 181 (11th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 941, 117 L.Ed.2d 111 (1992). For the exemption to apply, it is not necessary that the Secretary of Transportation actually exercise power; rather, the Secretary only needs to possess the power to regulate the employees at issue. *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 678, 67 S.Ct. 931, 946, 91 L.Ed. 1158 (1947). An exemption under Section 13 is construed narrowly against the employer. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960). The employer also bears the burden of proving entitlement to the exception. *Id.* at 394, 80 S.Ct. at 457.

---

1. The United States Supreme Court has stated the following regarding the summary judgment device:

   One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose.... Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action."

   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–27, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986).

In order for the Secretary of Transportation to have power to establish qualifications and maximum hours of service, the employees must have been (1) "employed by carriers whose transportation of passengers or property by motor vehicle is subject to his jurisdiction under section 204 of the Motor Carrier Act . . . and (2) engage[d] in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.2(a); *Baez,* 938 F.2d at 181–82. In the case at bar, Plaintiffs fell within both requirements, which subjects them to the power of the Secretary of Transportation and thereby exempts Mid–America from paying overtime compensation to the Plaintiffs. The Court will now discuss each requirement in turn.

To be subject to the Secretary of Transportation's jurisdiction pursuant to the Motor Carrier Act, a motor carrier must be engaged in interstate commerce, which requires *either* the actual transport of goods across state lines *or* the intrastate transport of goods in the flow of interstate commerce. *Merchants Fast Motor Lines, Inc. v. I.C.C.,* 528 F.2d 1042, 1044 (5th Cir.1976). Here there is no genuine issue that Mid–America was engaged in the transport of milk across state lines and the transport of milk in the flow of interstate commerce. In fact, the Plaintiffs admit: "[n]o one can dispute that the Defendant's business encompasses crossing state lines and is interstate in character." Plaintiffs' Brief in Support of its Response to Defendant's Motion for Summary Judgment at 6.

Mid–America was a motor carrier engaged in interstate commerce because it actually transported goods across state lines. From September 1988 to December 1992, Mid–America shipped unprocessed milk from its Stephenville and Sulphur Springs, Texas

facilities to manufacturing plants located in Texas and in other states such as Alabama, Arkansas, Minnesota, Mississippi, and Missouri. Mid–America's truck drivers, including the Plaintiffs, were responsible for hauling the milk produced in Texas to other states. Plaintiffs admit that they made twenty-eight trips across Texas state lines to deliver unprocessed milk to facilities in other states.[2] In each year since 1988, Mid–America's Texas plants have shipped literally millions of pounds of unprocessed milk directly to plants located outside of Texas. Thus, the undisputed summary judgment evidence supports the conclusion that Mid–America actually transported goods across state lines and thereby was a motor carrier engaged in interstate commerce.

Even assuming Mid–America's drivers never transported goods across state lines, Mid–America would have remained a motor carrier in interstate commerce because it engaged in the intrastate transport of goods in the flow of interstate commerce. Mid–America drivers hauled millions of pounds of unprocessed milk within Texas that ultimately was delivered to customers outside of Texas. Plaintiffs do not dispute this fact. Plaintiffs instead argue that the flow of milk in interstate commerce within Texas was broken when the milk was pumped from the trucks into temporary storage silos where the milk awaited further shipment. Plaintiffs' contention, however, is contrary to legal precedent. The temporary storage of unprocessed milk in silos for shipment to customers outside of a state is not a sufficient break in the flow of commerce to warrant the application of the FLSA's overtime requirements. *Shew v. Southland Corp.,* 370 F.2d 376, 380 (5th Cir.1966). Thus, the undisputed summary judgment evidence supports the conclusion that Mid–America engaged in the intrastate transport of goods in the flow of interstate commerce and thereby was a motor carrier engaged in interstate commerce.

---

**2.** Although twenty-eight trips by the Plaintiffs over the course of four years reflects only a small portion of the total milk hauled out of Texas, the amount of interstate hauling is not determinative of whether a carrier is exempt from the overtime compensation requirements of the FLSA. *See Morris v. McComb,* 332 U.S. 422, 68 S.Ct. 131,

92 L.Ed. 44 (1947) (exempting a driver where less than four percent of the driver's routes crossed state lines); *Southland Corp. v. Shew,* 248 F.Supp. 12 (N.D.Tex.1965), *aff'd,* 370 F.2d 376 (5th Cir.1966) (exempting employees responsible for hauling three to four percent of the total amount hauled).

**1050**

Mid–America was subject to the jurisdiction of the Secretary of Transportation because Mid–America was a motor carrier engaged in interstate commerce. Plaintiffs never disputed Mid–America's summary judgment evidence that the Plaintiff-truck drivers directly participated in Mid–America's business of hauling millions of pounds of unprocessed milk within Texas and to customers outside of Texas. In fact, Plaintiffs' affidavits and deposition testimony support this conclusion. Plaintiffs dispute only the amount of their participation in Mid–America's overall movement of unprocessed milk in interstate commerce. But, as noted before, the amount of participation is not determinative of whether a carrier is exempt from the overtime compensation requirements of the FLSA. *Morris,* 332 U.S. at 434, 68 S.Ct. at 137. In addition, only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Phillips Oil Co. v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir.1987). Accordingly, Mid–America has satisfied the first requirement of 29 C.F.R. § 782.2(a).

Mid–America also satisfies the second requirement of 29 C.F.R. § 782.2(a) that the employees must have engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways. Truck drivers are engaged in activities of a character affecting safety that subjects them to the power of the Secretary of Transportation if the drivers are required to adhere to the following: completing Department of Transportation ("DOT") logs recording the time spent driving, passing DOT written and driving tests, completing various DOT forms, and passing a DOT physical and drug test. *Thomas v. Wichita Coca–Cola Bottling Co.,* 968 F.2d 1022, 1026 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). Mid–America proved that the Plaintiffs were required to satisfy the same DOT requirements. The affidavit of Mid–America's manager of Texas operations and the deposition testimony of Plaintiff-drivers support the conclusion that Plaintiffs were required to comply with the requirements. Accordingly, Mid–America has satisfied the second requirement of 29 C.F.R. § 782.2(a).

Having satisfied both requirements of 29 C.F.R. § 782.2(a), the Secretary of Transportation did have the power to establish qualifications and maximum hours of service for the Plaintiffs. Therefore, under Section 13(b)(1) of FLSA, Mid–America is exempt from paying overtime compensation to the Plaintiffs.

For the foregoing reasons, Defendant's motion for summary judgment is hereby **GRANTED.** Plaintiffs' motion for summary judgment is hereby **DENIED.**

**SO ORDERED.**