**Mae LAKE, Plaintiff,**

v.

**ORGULF TRANSPORT CO. and Midland Enterprises, Inc., Jointly and Severally, Defendants.**

**No. 92–2255.**

United States District Court,
W.D. Tennessee,
Western Division.

Jan. 10, 1994.

Howard M. Cohen, Gary W. Baun, Birmingham, MI, for plaintiff.

Steven E. Smith, Jr., G. Kent Price, Paducah, KY, for defendants.

**ORDER ON MIDLAND'S MOTION
FOR SUMMARY JUDGMENT**

McCALLA, District Judge.

Presently pending before the Court is a motion by defendant Midland Enterprises Inc. for summary judgment in its favor pursuant to F.R.P.C. 56. For the reasons stated hereinafter, the motion is DENIED.

Plaintiff Mae Lake brought this suit for injuries she allegedly received as a result of two accidents while working on the M/V DICK CONERLY in September of 1991. In her complaint, plaintiff asserted causes of action for negligence under the Jones Act and claims under the general maritime law for unseaworthiness and maintenance and cure.

At the time of her injury plaintiff was employed by defendant Orgulf Transport Company. The vessel upon which these accidents occurred was owned by defendant Midland. At all times pertinent to this lawsuit, Orgulf, a wholly owned subsidiary of Midland, was operating the vessel under a bareboat charter.

In its motion for summary judgment, Midland contends that it is not liable to plaintiff under the Jones Act because recovery under that Act is available only against the employer of an injured seaman. 46 U.S.C.App. § 688 (1982). Likewise, Midland asserts that it is not liable to the plaintiff for maintenance and cure because those benefits are also the particular responsibility of the employer. *Baker v. Raymond International, Inc.,* 656 F.2d 173, 185 (5th Cir.1981). As to plaintiff's claim for unseaworthiness, Midland claims that its bareboat charter with Orgulf relieves

it of all liability arising out of any alleged unseaworthy condition of the vessel. In support of this proposition, plaintiff cites several cases, including *Reed v. Steamship Yaka*, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963).

In response to Midland's motion for summary judgment, plaintiff argues that Midland is liable under the doctrine of unseaworthiness despite the existence of a bareboat charter between Midland and Orgulf.

In *Reed*, the Supreme Court stated that it was declining to reach the question of whether a bareboat charter absolves the owner from liability on its warranty of seaworthiness, and that the question was previously reserved in *Guzman v. Pichirilo*, 369 U.S. 698, 82 S.Ct. 1095, 8 L.Ed.2d 205 (1962). *Reed*, 373 U.S. at 411 n. 1, 83 S.Ct. at 1351 n. 1. Although the Supreme Court has not addressed the issue, several circuit courts have. In *Ramos v. Beauregard, Inc.*, 423 F.2d 916 (1st Cir.1970), the First Circuit continued to follow its pre-*Reed* position that a shipowner is not liable for unseaworthy conditions arising after he has parted with control over the vessel under a demise or bareboat charter. *See also Rodriguez v. McAllister Bros., Inc.*, 736 F.2d 813 (1st Cir. 1984). Similarly, the Fourth Circuit follows the principle that an owner of a vessel under a demise charter is liable only for unseaworthiness or negligence that pre-exists the charter. *Kerr–McGee Corp. v. Law*, 479 F.2d 61 (4th Cir.1973).

In *Baker v. Raymond International, Inc.*, 656 F.2d 173 (5th Cir.1981), the Fifth Circuit discussed the issue at length. After reviewing the origins of civil liability as it relates to the warranty of a vessel owner for unseaworthiness, the court concluded that an injured seaman may recover from the owner of the vessel notwithstanding that, at the time of injury, the vessel was under the control of a bareboat charterer. *Id.* at 184. This holding was based in part upon the policy that seamen are protected as "wards of admiralty," and that a seaman should not be forced to speculate on when the unseaworthy condition of a vessel arose or whether a valid bareboat charter existed. Rather, "[t]he allocation of ultimate liability should be the responsibility of the owner and charterer, who 'can sort out which between them will bear the final cost of recovery.'" *Id.* (*quoting Spinks v. Chevron Oil Co.*, 507 F.2d 216 (5th Cir.1975)).

This Court is aware of no Sixth Circuit case on the issue, nor has the Court been cited to such a case by the parties. In the absence of precedent from the Supreme Court or the Sixth Circuit, the Court is of the opinion that *Baker v. Raymond International, Inc.* is the more persuasive authority of those presented by the parties, and that Midland, as owner of the vessel upon which plaintiff was injured, can be held liable to plaintiff under the doctrine of unseaworthiness. Accordingly, Midland's motion for summary judgment is DENIED.